## Silver v. Rabben

*Edward R. Becker*, for plaintiff.

*J. Leon Rabben*, p.p.

LEVIN, J., April 8, 1970.—Plaintiff, a councilman in the City of Philadelphia, sued defendant, an attorney, in trespass as a result of statements allegedly made by defendant at a civic association meeting. Among the statements claimed to be defamatory is:

"For any future zoning to go through in the Northeast you will have to give the councilman a piece of the action."

Defendant filed no answer but, instead, filed a motion for inspection of documents under Pa. R. C. P. 4009(1). Plaintiff objected to the motion, and the matter was argued to the court.

Rule 4009(1) is subject to the limitations set forth in Pa. R. C. P. 4007(a) and 4011. Pertinent to the present case is the following portion of rule 4007(a):

" . . . the deponent may also be examined regarding any matter, not privileged, . . . which . . . will substantially aid in the preparation of the pleadings. . ."

Rule 4011 provides that:

· "No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression. . ."

After careful consideration of the briefs and arguments of counsel, we have concluded that defendant's discovery motion is premature.

The principal case relied upon by defendant is Williams v. Triangle Publications, Inc., 19 D. & C. 2d 226 (C. P. Phila. 1959). In that defamation case, Judge Chudoff permitted discovery prior to the filing of an answer, so that defendant would be in a position to aver the defense of truth. Since that decision, the law of defamation has undergone significant change. Where, as here, plaintiff is a public figure, truth is no longer something that defendant must plead and prove. Rather, plaintiff must allege and prove the statements false, and in addition, that they were made with "actual malice." As such, the Williams case is no longer persuasive, and we decline to follow it.

Defendant's motion would unquestionably cause plaintiff annoyance, expense and oppression; whether the annoyance, expense and oppression would be unreasonable will depend on the relevancy of the information sought. We feel that such a decision would be better reserved until all of the pleadings are complete, and the full scope of all relevant issues determined. Accordingly, we enter the following

## ORDER

And now, April 8, 1970, defendant's motion for inspection of documents is denied without prejudice to seek inspection after the filing of an answer. The rule to show cause of March 2, 1970, is discharged.